IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 1:19-cr-00130(24) |
| Plaintiff, : | |
| : | Judge Matthew W. McFarland |
| v. : | |
| CHRISTOPHER WILLIAM TALLEY, : | |
| Defendant. : | |

## ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. 1240)

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release (Doc. 1240). The United States does not oppose this Motion. Thus, this matter is ripe for review. For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release (Doc. 1240) is **GRANTED**.

## FACTS

On January 31, 2023, Defendant Christopher Talley was sentenced in the Southern District of Ohio to time served and 3 years of supervised release for Count 1 of the Superseding Indictment, Conspiracy to Possess with Intent to Distribute a Detectable Amount of Cocaine. (Judgment, Doc. 1119.)

Presently, Talley has served almost two years of his three-year term of supervised release. During his term, Talley has complied with all conditions and reporting requirements as required by the probation office. (Motion, Doc. 1240, Pg. ID 8482.) He has paid all fees and fines. (*Id.* at Pg. ID 8483.) And, he has maintained steady

employment, building up his trucking company successfully. (*Id.* at 8483-84.) In addition to his consistent, full-time employment, Talley remains integrated in his community, helping to raise his children with his wife. (*Id.* at Pg. ID 8484) Further, the probation office has moved Talley to the lowest intensity of supervision available as a result of his success during the program. (*Id.*) His probation officer, Melinda Vincent, has indicated that he is fulfilling all areas of supervision; as such, she does not oppose the Motion. (*Id.* at Pg. ID 8482.)

## LAW & ANALYSIS

District courts have the discretionary authority to terminate a term for supervised release after that defendant has served one full year on supervised release. 18 U.S.C. § 3583(e)(1); *United States v. Suber*, 75 F.Appx. 442, 443 (6th Cir. 2003). "When that statutory requirement is met, a district court may grant early termination of supervised release if it concludes that such relief 'is warranted by both the individual's conduct and also by the interest of justice.'" *United States v. Zai*, No. 22-3371, 2022 U.S. App. LEXIS 35495, at *13 (6th Cir. Dec. 21, 2022) (citing *Suber*, 75 F.Appx. at 444). When considering an individual's conduct, "where the defendant shows changed circumstances, such as exceptionally good behavior[,]" early termination of supervised release may be warranted. *United States v. Atkin*, 38 F.Appx. 196, 198 (6th Cir. 2002). In analyzing the interest of justice, the Court considers the following factors set forth in 18 U.S.C. § 3553(a):

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;

3. The need for the sentence imposed to protect the public from further crimes of the defendant;

4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

5. The kinds of sentence and the sentencing range established for [the defendant's crimes];

6. Any pertinent policy statements issued by the Sentencing Commission;

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

8. The need to provide restitution to any victims of the offense.

18 U.S.C. § 3583(e).

Applying this analysis, the Court concludes that an early termination of Talley's supervised release is warranted. Talley has satisfied the one-year requirement and has served almost two years of the three-year term. Additionally, the § 3553 factors favor early termination. Although the nature and circumstances of his original crime were serious, Talley's history and characteristics since receiving the sentence do not reveal any lapse into criminal conduct. He received no infractions while either incarcerated before sentencing or since his release. Furthermore, it appears that both his incarceration and supervised release have provided adequate deterrence and protection to the public. Also, early termination will facilitate his continued progress, which has been proceeding well as shown by his employment and involvement in his community.

Talley's conduct and the interest of justice warrant early termination of his supervised release. The Court cannot identify any conduct on Talley's part that would

preclude early termination. It appears that Talley has taken his rehabilitation seriously and has been successfully moving forward in his life. Rewarding this positive behavior through the early termination of Talley's supervised release serves the interest of justice.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's Motion for Early Termination of Supervised Release (Doc. 1240). Talley's supervision shall be terminated, and he shall be discharged from that supervision immediately.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND